STATE OF CONNECTICUT *v.* WASHINGTON A. PEARSON
(AC 32946)

Gruendel, Lavine and Espinosa, Js.

Submitted on briefs October 12—officially released December 11, 2012

*Washington A. Pearson,* pro se, the appellant (defendant), filed a brief.

*Michael L. Regan,* state's attorney, and *Denise B. Smoker* and *Michael Kennedy,* senior assistant state's attorneys, filed a brief for the appellee (state).

### Opinion

PER CURIAM. The self-represented defendant, Washington A. Pearson, appeals from a judgment of conviction following his nolo contendere plea to one count of burglary in the second degree in violation of General Statutes § 53a-102 (a) (2). The defendant appears to claim that the trial court lacked personal jurisdiction

over him because the state did not follow proper extradition procedures to gain custody of him, pursuant to the Interstate Agreement on Detainers, codified as General Statutes § 54-186 et seq.[1] As the defendant has not provided this court with an adequate brief or record for review, we are unable to resolve his claims and, accordingly, affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history that are largely uncontested. On April 8, 2005, the defendant, a resident of Lynn, Massachusetts, was charged in Connecticut with possession of a weapon in a vehicle in violation of General Statutes § 29-38 and possession of burglar's tools in violation of General Statutes § 53a-106. The court set bond for these charges at $50,000. On April 11, 2005, the defendant posted bond and, thereafter, returned to Massachusetts. While out on bond, the defendant was convicted of a felony in his home state and was sentenced to a term of incarceration of seven to ten years. On May 13, 2008, the state charged the defendant with failure to appear and issued a warrant for his rearrest. On November 24, 2008, the state sent a certified copy of the arrest warrant to the Old Colony correction facility in Massachusetts, where the defendant was incarcerated. The letter accompanying the copy of the arrest warrant stated: "I am requesting the certified arrest warrant be lodged as a detainer. Extradition of Mr. Pearson has been authorized from the State of [Massachusetts]."

The defendant arrived in Connecticut from Massachusetts on November 3, 2009, to face the charges against him from April, 2005, as well as an additional charge of burglary in the second degree. After the defendant had pleaded not guilty and trial had begun, the

[1] As the defendant's appellate brief does not set forth any statement of the issue or issues he wishes to present on appeal, we address the claim as gleaned from the brief and record before us.

defendant entered a plea of nolo contendere to the charge of burglary in the second degree[2] subject to the condition that he would not waive any jurisdictional claims that could be raised on appeal.[3] The court rendered judgment in accordance with his plea and sentenced the defendant to twenty-five months of incarceration to run consecutive to the sentence he already was serving in Massachusetts. From that judgment the defendant appeals.[4]

Practice Book § 67-4 requires, inter alia, that an appellant's brief concisely set forth the issue raised on appeal, the applicable standard of review and legal authorities cited in support of his or her position.[5] Additionally, Practice Book § 61-10 states that the appellant bears the responsibility of furnishing an adequate record to review the issue presented.[6] Furthermore, "[our appellate courts] repeatedly have stated that [w]e are not

[2] The state entered a nolle prosequi with respect to the charge of possession of burglar's tools and dropped the charge of possession of a weapon in a motor vehicle.

[3] When the defendant entered his nolo contendere plea, his petition for a writ of habeas corpus was pending in federal court, in which he raised a jurisdictional claim similar to the one seemingly raised here.

[4] After the court rendered judgment and sentenced him, the defendant filed motions seeking to dismiss the charges and to withdraw his nolo contendere plea. The trial court denied both motions on the ground that it lacked subject matter jurisdiction. See *State* v. *Luzietti*, 230 Conn. 427, 432, 646 A.2d 85 (1994). On appeal, the defendant does not appear to be challenging the court's denial of these motions, but rather the validity of the underlying judgment and sentencing.

[5] Practice Book § 67-4 provides in relevant part: "The appellant's brief shall contain the following . . . (a) A concise statement setting forth . . . the principal issues involved in the appeal . . . (b) A table of authorities cited in the brief . . . [and] (d) [A] separate, brief statement of the standard of review the appellant believes should be applied."

[6] Practice Book § 61-10 provides in relevant part: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. For purposes of this section, the term 'record' . . . includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety."

required to review issues that have been improperly presented to [the] court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *State* v. *T.R.D.*, 286 Conn. 191, 213–14 n.18, 942 A.2d 1000 (2008).

In his brief to this court, the defendant does not set forth the claims he wishes this court to address. Rather, he merely alludes to a claim that his extradition was invalid because it was not approved by the executive authority of either Connecticut or Massachusetts and because the state did not properly lodge a detainer with Massachusetts. The defendant does not articulate how, even if these assertions were true, his claim has legal significance with respect to his nolo contendere plea and sentencing. In fact, in his brief to this court, he does not cite to a single legal authority in support of his position. Moreover, he presents us with a record bereft of facts relating to his extradition. Although he submitted two letters from executive offices in Massachusetts and Connecticut stating that there are no materials on file relating to his extradition, this serves only to highlight the dearth of facts on which to base our review. As the record and brief now before us indicate, the defendant has not complied with the rules and principles of appellate review, in form or substance. We are, therefore, unable to review his claim.

The judgment is affirmed.